UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COURTNEY J. SAUNDERS,

                             Plaintiff,

   v.                                                      9:24-CV-0012
                                                              (DNH/CFH)

STACY DIXON, et al.,

                             Defendants.
_____

APPEARANCES:

COURTNEY J. SAUNDERS
Plaintiff, pro se
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

    Plaintiff Courtney J. Saunders commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application").

    By Decision and Order entered on February 22, 2024, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28

U.S.C. § 1915A(b), the Court dismissed certain of his Section 1983 claims with prejudice as barred by the Eleventh Amendment, and the remainder of his Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted.  Dkt. No. 10 ("February 2024 Order").  In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint.  *Id*. at 16-19.

Presently under consideration is plaintiff's amended complaint.  Dkt. No. 18 ("Am. Compl.").

## II.  **SUFFICIENCY OF THE AMENDED COMPLAINT**

### A.  **The Complaint and February 2024 Order**

In his original complaint, plaintiff asserted claims against the New York State Department of Corrections and Community Supervision ("DOCCS"), Parole Officer Dixon, and Administrative Law Judge Davis based on his arrest, detention, and parole revocation between May and August, 2023.  *See generally* Compl.

The complaint was construed to assert false imprisonment, malicious prosecution, fair trial, and due process claims against the defendants based on the proceedings that resulted in plaintiff's detention and parole revocation.  *See* February 2024 Order at 7.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims for money damages against DOCCS and defendants Dixon and Davis in their official capacities with prejudice as barred by the Eleventh Amendment, and dismissed his remaining claims without prejudice for failure to state a claim upon which relief may be granted, based on a determination that (1) habeas

corpus is plaintiff's sole remedy for his claims challenging his current confinement, (2) plaintiff's claims challenging his parole revocation are barred by the "favorable termination" rule articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994), (3) certain of these claims are also barred by immunity doctrines, and (4) the pleading failed to properly plead claims based on plaintiff's initial arrest and detention leading up to his parole revocation.  *See* February 2024 Order at 8-16.

### B. Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February 2024 Order and it will not be restated in this Decision and Order. *See* February 2024 Order at 2-4.

As with the original complaint, plaintiff's amended complaint asserts claims based on alleged events that occurred between May and August, 2023, related to his arrest, detention, and parole revocation.  *See generally*, Am. Compl.  Plaintiff's amended complaint is materially similar to his original complaint, except that the pleading includes additional facts related to his arrest and detention in June and July, 2023, as well as the parole revocation proceedings that occurred in July and August, 2023, and his current criminal case.  *Id*.  While none of plaintiff's new allegations or exhibits are material to the Court's analysis below, the

following relevant facts are set forth as alleged in the amended complaint, or detailed in documents attached thereto.

On May 30, 2023, plaintiff contacted defendant Dixon expressing concern for his well-being.  Am. Compl. at 9, 23-24.  Thereafter, defendant Dixon arrived at the apartment where plaintiff was staying, at which time plaintiff "told her that he'd been drugged and asked for help."  Id. at 9.  Instead, defendant Dixon "drug tested" plaintiff.  Id. at 9, 23-25.  The drug test was positive for the presence of methamphetamine and amphetamine.  Id. at 23-25.

On June 30, 2023, plaintiff was arrested and charged with Second Degree Assault and Second-Degree Strangulation.  Am. Compl. at 10, 21-26.

On July 1, 2023, defendant Dixon "conducted a recognizance hearing" regarding plaintiff, without affording him assistance of counsel, allegedly in violation of New York law.  Am. Compl. at 4.  At the conclusion of the hearing, a parole warrant was issued, which charged plaintiff with fifteen parole violations, four of which were non-technical.  Id.  However, "no securing order was granted" by the assigned judge.  Id.

On July 3, 2023, Dixon conducted a second recognizance hearing before a different Judge, who granted a securing order.  Am. Compl. at 5.  According to plaintiff, the second recognizance hearing was conducted in violation of New York law.  Id. at 5-6.

On July 7, 2023, DOCCS conducted a preliminary hearing on the parole violations.  Am. Compl. at 6.  According to plaintiff, the hearing began one day after the initiation deadline under New York law.  Id. at 6-7.

4

At the preliminary hearing, "DOCCS employees administered a technical violation, alone, for a failed drug test." Am. Compl. at 7. Neither defendant Dixon nor the alleged victim of the crimes for which plaintiff was charged on June 30, 2023, were present during the hearing. *Id*.

According to plaintiff, a technical violation does not merit jail time under state law. Am. Compl. at 7. In addition, plaintiff was not convicted of a crime at this hearing. *Id*. Nonetheless, plaintiff was detained at the conclusion of the hearing. *Id*.

On July 13 and July 27, 2023, defendant Davis conducted plaintiff's final revocation hearing. Am. Compl. at 8. According to plaintiff, defendant Dixon "lied multiple times" during the hearing and defendant Davis did not allow him to present witnesses in support of his defense, and required him to admit to a non-technical violation while he was awaiting trial for the same alleged misconduct. *Id*. at 8-9.

On August 30, 2023, Judge Davis "sustained six (6) parole violation charges, four (4) of which were non-technical." Am. Compl. at 10. Judge Davis sentenced plaintiff to three years imprisonment. *Id*. at 12. According to plaintiff, because he had not been convicted of a crime at the time, this sentence was excessive. *Id*. at 12-13.

On March 27, 2024, plaintiff's "legal matter was 'adjourned in contemplation of dismissal.'" Am. Compl. at 10.[1]

---

[1] Elsewhere, plaintiff alleges that that his "non-technical" violations have been adjudicated in contemplation of dismissal. Am. Compl. at 16.

The Court liberally construes the allegations in the amended complaint to reassert each of the Section 1983 claims raised in the original complaint related to plaintiff's detention following his arrest, preliminary and final parole revocation hearings, and parole revocation.[2]

Plaintiff seeks money damages and mandatory injunctive relief. Am. Compl. at 17. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C. Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a

---

[2] Insofar as plaintiff renews his request for money damages against DOCCS or either of the named defendants in their official capacities, those claims were previously dismissed without prejudice, and are no longer part of this action. Insofar as the amended complaint could be construed to reassert a request for release from incarceration, as noted in the February 2024 Order, "the proper vehicle" for plaintiff to obtain such relief "would be through a habeas action under 28 U.S.C. § 2241." *Bare v. New York City Police Dep't*, No. 19-CV-2352, 2019 WL 2717105, at *2 (E.D.N.Y. June 28, 2019) (citing *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012)). Accordingly, any renewed request for release in this action is improper, and denied without prejudice to plaintiff commencing a proper habeas action.

procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

1. **Section 1983 Claims Related to Plaintiff's Detention After His Arrest**

Insofar as plaintiff asserts Section 1983 claims based on his detention following his arrest and leading up to his parole revocation, the amended complaint lacks allegations which plausibly suggest that plaintiff's confinement during this period has been "declared invalid, reversed, or called into question, as required by *Heck*." *Wiggins v. Mellia*, No. 14-591-CV, 2023 WL 6222303, at *1 (2d Cir. Sept. 26, 2023) (affirming dismissal of Section 1983 claims based on allegations of wrongful detention prior to parole revocation due to failure to afford plaintiff a preliminary revocation hearing, holding that such claims are barred by *Heck*).

Moreover, even if the Court were to assume that such claims are not barred by *Heck* and its progeny, as with the original complaint, the amended complaint does not allege that the parole warrant issued for plaintiff was facially invalid or non-compliant with state law. In addition, it is now clear from documents attached to the amended complaint that plaintiff was arrested based on an individual accusing him of physically assaulting her, *see* Am. Compl. at 23-26, and plaintiff's arrest for Second Degree Assault and Second Degree Strangulation was "more than sufficient to establish reasonable cause for a parole warrant[.]" *Albergottie v. New York City*, No. 08-CV-8331, 2011 WL 519296, at *8 (S.D.N.Y. Feb. 15, 2011) ("There are no allegations that the parole warrant was facially invalid or non-compliant with N.Y. Exec. § 259–i(3)(A)(i). In fact, Albergottie was originally detained at the City DOC because of his arrest for forgery. . . . The arrest for forgery is more than sufficient to establish reasonable

cause for a parole warrant, and without any allegations that the warrant was facially invalid or lacking in reasonable cause, Albergottie's detention on the parole warrant is privileged and he fails to state a plausible claim for false arrest or imprisonment.").

In addition, to the extent the amended complaint alleges that defendant Dixon wrongfully pursued a second recognizance hearing after the first recognizance hearing resulted in no securing order, New York law is clear that in situations where, as here, a criminal action or proceeding was ongoing, a court may revoke an order of recognizance, release under non-monetary conditions, or bail in response to "a motion by the people or otherwise[.]"  *See* N.Y. Crim. Proc. Law § 530.60.

Furthermore, plaintiff acknowledges that he was detained on July 3, 2023, pursuant to a securing order, *see* Am. Compl. at 5, and the amended complaint is devoid of allegations which plausibly suggest that (1) any of the named defendants were personally involved in issuing the securing order, or (2) defendant Dixon (or DOCCS) fabricated evidence in an effort to obtain the securing order.

Thus, the Court has no basis to plausibly infer that plaintiff suffered a violation of his constitutional rights in connection with defendant Dixon pursing what plaintiff refers to as a second recognizance hearing, i.e., a reversal of the initial order of recognizance, and his ensuing imprisonment.  *See also Galante v. Warden*, 573 F.2d 707, 708 (2d Cir. 1977) (noting that a parolee "no longer enjoys the benefit of a presumption of innocence and has no constitutional right to bail"); *Argro v. United States*, 505 F.2d 1374, 1378 (2d Cir. 1974) ("[W]e

would think release on bail pending a revocation hearing ... [would] be proper only under the most unusual circumstances.").

Accordingly, plaintiff's Section 1983 claims based on his detention following his arrest and leading up to his parole revocation are once again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**2. Section 1983 Claims Based on Preliminary Hearing Deprivations**

Insofar as plaintiff asserts a due process claim based on his preliminary hearing occurring one day beyond the applicable state law deadline, plaintiff is correct that, with respect to alleged parole violations for which a court issues a detention order, New York law entitles the parolee to a preliminary hearing "within five days of the issuance of such order to detain or execution of a warrant for the violation[.]"  N.Y. Exec. Law. § 259-i(3)(c)(1)(B).  In this case, it appears that plaintiff was ordered detained on July 3, 2023, i.e., within five days of his preliminary hearing.  See Am. Compl. at 4-5.

In any event, more than fifty years ago, the Supreme Court outlined what constitutional due process requires in the parole revocation setting.  See Morrissey v. Brewer, 408 U.S. 471 (1972).  First, a preliminary hearing should be conducted "at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest."  Id. at 485.  "The parolee should be given notice that the [preliminary ] hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a

9

parole violation. The notice should state what parole violations have been alleged." *Id*. at 487.

Following the preliminary hearing, and "within a reasonable time after the parolee is taken into custody[,]" "[t]here must also be an opportunity for a [final parole revocation] hearing[.]" *Morrissey*, 408 U.S. at 488. The "minimum requirements of due process" for the final hearing include: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body ... and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Id*. at 489.

The constitutional due process requirements laid out in *Morissey* do not include a five-day rule related to the commencement of a preliminary hearing, or a limit on the number of recognizance hearings that may be brought prior to the preliminary hearing.  Furthermore, the amended complaint fails to allege any facts suggesting that plaintiff experienced a denial of the constitutional due process requirements laid out in *Morissey*, and the alleged violations of state law that plaintiff experienced do not, without more, give rise to a claim under Section 1983.  *See, e.g.*, *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983."); *Davis v. N.Y. State Div. of Parole*, No. 07-CV-5544, 2008 WL 3891524, at *5 (S.D.N.Y. Aug. 20, 2008) ("[A] claim of a violation of a state law procedural requirement does not give rise to a section 1983 claim in the absence of a

10

constitutional violation."); *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2003) ("Violations of state law procedural requirements do not alone constitute a deprivation of due process since federal constitutional standards rather than state law define the requirements of procedural due process.") (internal quotation omitted); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures.").

Finally, to the extent plaintiff alleges that he was not able to confront defendant Dixon or his alleged assault victim during his preliminary hearing, the amended complaint does not allege that defendant Davis was the judge who presided over plaintiff's preliminary hearing. Moreover, the Supreme Court in *Morrissey* limited the right to confront a witness at a preliminary hearing to circumstances in which the parolee makes a confrontation request. *See* 408 U.S. at 487.

The amended complaint lacks allegations which plausibly suggest that plaintiff was not represented by counsel during his preliminary hearing, and/or that he or his attorney sought to question defendant Dixon or his alleged assault victim during this proceeding, or requested an adjournment in order to do so. Thus, the Court has no basis to plausibly infer from the allegations in the amended complaint that the named defendants violated plaintiff's due process rights in connection with his preliminary hearing.

Accordingly, plaintiff's Section 1983 claims based on alleged preliminary hearing deprivations are once again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. Section 1983 Claims Based on Final Revocation Hearing

Insofar as the amended complaint reasserts Section 1983 claims for malicious prosecution, false imprisonment and/or excessive punishment in connection with the final revocation decision, the pleading lacks allegations which plausibly suggest that the revocation decision has been reversed on direct appeal, expunged by executive order, declared invalid by a State tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See* February 2024 Order at 10-11.

Moreover, although the amended complaint alleges that the charges that formed the basis of plaintiff's arrest have been "adjudicated in contemplation of dismissal[,]" New York courts have repeatedly held that "the dismissal of criminal charges or an acquittal following trial does not preclude a parole revocation determination based upon the same underlying conduct[.]" *Williams v. New York State Bd. of Parole*, 277 A.D.2d 617, 617 (3d Dept 2000) (collecting cases); *Young v Dennison*, 29 A.D.3d 1194, 1195 (3d Dept 2006); *Davidson v New York State Division of Parole*, 34 A.D.3d 998 (3d Dept. 2006), *lv. den*. 8 N.Y.3d 803 (2007); *Simpson v Alexander*, 63 A.D.3d 1495 (3d Dept. 2009); *Kinsella v. Meloni*, No. 93-CV-432S, 1995 WL 819040, at *3 (W.D.N.Y. Oct. 31, 1995) (noting that "dismissal of the underlying criminal charges by the grand jury is not dispositive of the outcome of a parole revocation hearing").[3] Thus, these claims are once again barred by *Heck* and its progeny.

---

[3] The Court is mindful that the Second Circuit recently clarified that a Section 1983 fair-trial claim predicated on fabricated evidence "does not require a favorable termination indicative of innocence[,]" and that *Heck* does not bar such a claim following an adjournment in contemplation of dismissal. *Smalls v. Collins*, 10 F.4th 117, 143 (2d Cir. 2021). *Smalls*, however, dealt with a plaintiff seeking to raise challenges with respect to the underlying criminal proceeding that was adjourned in contemplation of dismissal. Furthermore, plaintiff does not allege that

12

Insofar as plaintiff asserts Section 1983 claims against defendant Dixon based on this official allegedly offering false testimony during the final revocation hearing and such claims are not barred by *Heck*, the only allegedly false testimony provided by defendant Dixon at the revocation hearing related to charged violations that were dismissed.  *See* Am. Compl. at 8-9.  Thus, the amended complaint lacks allegations which plausibly suggest that plaintiff suffered any harm as a result of defendant Dixon's alleged false testimony.

Finally, insofar as plaintiff asserts due process claims based on procedural deprivations that he experienced during the final revocation hearing – such as defendant Davis forcing him to proceed and offer testimony regarding a charged non-technical violation prior to the criminal case related to that same matter, defendant Davis denying plaintiff the opportunity to call one or more unidentified witnesses during his final revocation hearing, and defendant Davis leading one or more witnesses – plaintiff has once again failed to adequately state a due process claim against defendant Davis for at least two reasons.

First, as noted in the February 2024 Order, defendant Davis is "entitled to absolute immunity with respect to any Section 1983 claims based on her handling of the revocation hearing."  *See* February 2024 Order at 12-13.  Second, plaintiff has failed to explain how these alleged deprivations caused him to suffer any harm.  For example, plaintiff does not identify the witness(es) he wished to call, let alone explain what any uncalled witness would

---

defendant Dixon fabricated evidence with respect to any of the charged violations that were sustained.  *See* Am. Compl. at 8-9.

13

have stated that may have changed the outcome of the proceeding.  Nor does plaintiff allege that his attorney was prevented from calling any witnesses despite requesting to do so.

Similarly, plaintiff does not explain how any witnesses were improperly lead or allege any facts which plausibly suggest that his attorney was prevented from cross-examining such witnesses.  In addition, although plaintiff alleges that Judge Davis forced him to offer testimony regarding a charged non-technical violation prior to the criminal case related to that same matter, he fails to explain how his decision to testify amounted to a violation of his due process rights, and, as noted in the February 2024 Order, "an alleged parole violator does not have an absolute right to an adjournment of a parole revocation hearing until after the criminal disposition of the charges that form the basis of the alleged violation."  February 2024 Order at 11-12 (collecting cases).

For all of these reasons, plaintiff's Section 1983 claims related to his final revocation hearing and parole revocation are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1.  This action alleging federal claims under Section 1983 is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

2.  The Clerk is directed to terminate the defendants and close this case; and

3. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: June 4, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge